JUDGE CRONAN

23 CV 10815

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

LG ENERGY SOLUTION, LTD.,

        Petitioner,

   v.

MARENGO BATTERY STORAGE LLC,
and USGEM, INC.,

        Respondents.

Civil Action No.

## PETITION TO COMPEL ARBITRATION AND APPOINT AN ARBITRATOR
## PURSUANT TO SECTIONS 4 AND 5 OF THE FEDERAL ARBITRATION ACT

## INTRODUCTION

LG Energy Solution, Ltd. f/k/a LG Chem, Ltd. (**Petitioner** or **LGES**), by and through its attorneys, Quinn Emanuel Urquhart & Sullivan, LLP, for this petition brought pursuant to Sections 4 and 5 of the Federal Arbitration Act (**FAA**), 9 U.S.C. §§ 4, 5 (**Petition**), to compel Marengo Battery Storage LLC (**Marengo**) and USGEM, Inc. (**USGEM**) (together, **Respondents**, and with LGES, the **Parties**) to arbitrate claims against LGES in accordance with the Parties' agreements, and appoint an arbitrator, alleges as follows:

## NATURE OF THE ACTION

1.      LGES brings this Petition pursuant to Section 4 of the FAA to compel Respondents to arbitrate all claims they brought against LGES in an Illinois state civil action, *Marengo Battery Storage LLC, and USGEM, Inc. v. LG Energy Storage Solution, Ltd.*, Case No. 2023 LA 000253 (Circuit Court of McHenry County, Illinois) (**Action**), which LGES timely removed to the U.S. District Court for the Northern District of Illinois, captioned *Marengo Battery Storage LLC et al. v. LG Energy Solution, Ltd.*, Case No. 3:23-cv-50419 (N.D. Ill.) (**Removed Action**). Respondents filed the Action on September 14, 2023, even though they agreed in writing that "[a]ny controversy, dispute, or claim arising out of or relating to" the relevant agreements "shall be settled by confidential arbitration" in New York, New York.

2.      The Petition also seeks, pursuant to Section 5 of the FAA, an order designating and appointing an arbitrator to resolve the Parties' dispute.

## THE PARTIES

3.      Petitioner LGES is a Korean corporation with its principal place of business in South Korea.

4.      Respondent Marengo is a Delaware limited liability company with its principal place of business in the City of Marengo, Illinois. Marengo's sole member is USGEM.

1

5.      Respondent USGEM is a Delaware corporation with a principal office in the City of Marengo, Illinois.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the Petition pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

7.      Venue is proper in this Court and the Court has personal jurisdiction over Respondents because the Parties' written agreement provides for arbitration in New York, New York. *See, e.g., Merrill Lynch, Pierce, Fenner & Smith Inc. v. Lecopulos*, 553 F.2d 842, 844 (2d Cir. 1977).

## FACTUAL ALLEGATIONS

8.      Respondent Marengo was commissioned by non-party Leclanché SA (**Leclanché**) to build an energy storage facility in Marengo, Illinois using LGES-manufactured lithium-ion battery products.

9.      On June 20, 2018, Leclanché and LGES executed a contract (**Master Supply Agreement** or **MSA**) for lithium-ion battery products. As part of the transaction reflected in the MSA, Leclanché and LGES also executed a battery warranty (**Revised Warranty**).

10.     The MSA contained an arbitration provision providing that "either Party shall have the right to request that the Dispute be referred to and finally resolved by arbitration in Singapore in accordance with the Arbitration Rules of the Singapore International Arbitration Centre ("SIAC") for the time being in force."

2

11. ▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬  ▬▬▬  ▬▬▬  ▬ ▬ ▬  ▬▬▬  ▬▬▬  ▬▬  ▬▬▬

▬▬▬

12.    The ▬▬▬ Agreement amended the MSA, deleting an existing "Governing Law" provision and inserting the following choice of law provision: "The MSA and this ▬▬▬ Agreement, and all claims or causes of action (whether in contract, tort, statute, or any other theory of liability whatsoever) that may be based upon, arise out of or relate to the MSA and/or this ▬▬▬ Agreement, or the negotiation, execution or performance thereof, shall be governed by, and enforced in accordance with, the laws of the State of New York, without application of its conflict of laws principles, including its statutes of limitations, pursuant to New York General Obligations Law section 5-1401."

13.    The ▬▬▬ Agreement also declared the MSA's Singapore arbitration provision null and void. In its place, the ▬▬▬ Agreement provided that: "[a]ny controversy, dispute, or claim arising out of or relating to this ▬▬▬ Agreement or the MSA shall be settled by confidential arbitration administered by the American Arbitration Association ("AAA) in accordance with its Commercial Arbitration Rules. All phases of arbitration shall be conducted by a single arbitrator, and judgment on the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. All arbitration proceedings shall be conducted remotely whenever possible, and if in person proceedings are required, such proceedings shall be conducted in New York, New York. Any Party hereto that participates in arbitration pursuant to this provision shall bear its own attorneys' fees and costs associated with the arbitration, with each Party sharing equally in any and all fees charged by AAA and/or the arbitrator. Notwithstanding the foregoing, any action for equitable relief, including injunction, or any action required to enforce any award

resulting from the arbitral proceedings shall not be precluded and may be brought by either Party in a court of competent jurisdiction located in the United States."

14.    Both the choice of law provision and the arbitration provision were material terms of the ▓▓▓▓▓ Agreement. By including them in the ▓▓▓▓▓ Agreement, Petitioner and Respondents voluntarily relinquished their ability to bring "any controversy, dispute, or claim arising out of or relating to the ▓▓▓▓▓ Agreement or the MSA" in a forum other than arbitration in New York, New York.

15.    Respondent Marengo signed and dated the ▓▓▓▓▓ Agreement, indicating its acknowledgement, understanding, and acceptance of the terms contained therein, including the choice of law and arbitration provisions.

16.    The current Action asserts four counts against LGES—fraudulent inducement – recission (Count I), breach of express warranty – third party (Count II), breach of contract – Master Services Agreement (Count III), and breach of express warranty (Count IV)—related to the same alleged defects in the lithium-ion battery products ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓ In Count I, Respondents seek a full recovery of its damages and rescission ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ "or those portions thereof, if any, which purport to limits its remedies or recovery herein." In Counts II–IV, Respondents seek "damages in the amount of approximately $10 million dollars, which continues to accrue and represents the direct, incidental, and consequential damages" to Respondents.

17.    Each of the Action's counts arise out of or relate to the ▓▓▓▓▓ Agreement or MSA. By the plain terms of the arbitration provision in the ▓▓▓▓▓ Agreement, the forum for bringing and resolving Respondents' claims is arbitration in New York, New York.

**FIRST CAUSE OF ACTION**
**(Order Compelling Arbitration Pursuant to 9 U.S.C. § 4)**

18.    LGES repeats and realleges the allegations set forth in Paragraphs 1 through 17 above as if fully set forth herein.

19.    The ████ Agreement is a valid and enforceable contract between LGES and Respondents.

20.    Respondents voluntarily agreed to the terms of the ████ Agreement, including the choice of law provision and the arbitration provision.

21.    The arbitration provision requires that any controversy, dispute, or claim arising out of or relating to the ████ Agreement or MSA be decided by arbitration in New York, New York.

22.    Respondents brought the Action in contravention of the ████ Agreement, including the choice of law and arbitration provisions.

23.    Pursuant to Section 4 of the FAA, 9 U.S.C. § 4, this Court has authority to compel Respondents to arbitrate all claims brought in the Action.

**SECOND CAUSE OF ACTION**
**(Order Appointing an Arbitrator Pursuant to 9 U.S.C. § 5)**

24.    LGES repeats and realleges the allegations set forth in paragraphs 1 through 23 above as if fully set forth herein.

25.    The ████ Agreement, including the choice of law and arbitration provisions, is a valid and enforceable contract.

26.    The arbitration provision in the ████ Agreement does not provide for the selection or appointment of an arbitrator.

5

27.     Pursuant to Section 5 of the FAA, 9 U.S.C. § 5, this Court has the authority to appoint an arbitrator to decide the Parties' dispute in accordance with the arbitration provision that Respondents agreed to ▮▮▮▮▮▮▮▮▮▮▮▮.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner demands judgment as follows:

1.     That the Court issue an order, pursuant to Section 4 of the FAA, compelling Respondents to submit to arbitration in New York, New York, all claims asserted in the Action, as well as any and all claims that arise out of or relate to the ▮▮▮▮▮ Agreement and MSA.

2.     That the Court issue an order, pursuant to Section 5 of the FAA, designating and appointing an arbitrator to decide the Parties' dispute in accordance with the arbitration provision in the ▮▮▮▮ Agreement.

3.     That the Court grant any other relief that it deems just and proper.

6

DATED:    New York, New York
          December 11, 2023

                              QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP


                              By: _____
                                  Ryan Rakower
                                  51 Madison Avenue, 22nd Floor
                                  New York, NY 10010
                                  Tel: (212) 849-7000
                                  ryanrakower@quinnemanuel.com

                                  *Attorney for Petitioner LG Energy
                                  Solution, Ltd.*