**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7138**

WRITER'S EMAIL ADDRESS
**ryanrakower@quinnemanuel.com**

December 19, 2023

<u>VIA ECF</u>

Hon. John P. Cronan
United States District Court
Southern District of New York
500 Pearl Street, Room 1320
New York, NY 10007

Re:   *LG Energy Solution, Ltd v. Marengo Battery Storage LLC, et al.*, No. 1:23-cv-10815-JPC
      Request to File Sealed and Redacted Materials

Dear Judge Cronan:

We write on behalf of LG Energy Solution, Ltd. (**LGES**)—the Petitioner in the above-referenced action—to request that certain documents be sealed from the public docket partially or in full as appropriate. Allowing public access to the documents in unredacted form would reveal confidential and proprietary information of LGES—including engineering and operations information and specifications, test data and diagrams, and pricing terms—as well as confidential information about the parties' business relationship, which would unfairly prejudice LGES and its competitive position in the lithium-ion battery market.

LGES, which manufacturers and designs lithium-ion batteries, entered into confidential agreements for the sale and delivery of its batteries for use at an energy storage facility purportedly owned and operated by Marengo Battery Storage LLC and USGEM, Inc. (together, **Respondents**). The parties' agreements contain confidentiality provisions providing that the agreements and their terms shall remain confidential and shall be protected from disclosure.

As explained in further detail in LGES's Petition, LGES commenced this action to compel Respondents to arbitrate all claims that Respondents recently brought against LGES in an Illinois state civil action, *Marengo Battery Storage LLC, and USGEM, Inc. v. LG Energy Solution, Ltd.*, Case No. 2023 LA 000253 (Circuit Court of McHenry County, Illinois), in accordance with the arbitration provision in the parties' contract. Respondents' originally filed complaint and its exhibits were sealed by the Illinois state court. Later, LGES timely removed Respondents' suit to the U.S. District Court for the Northern District of Illinois, *Marengo Battery Storage LLC, and USGEM, Inc. v. LG Energy Solution, Ltd.*, Case No. 3:23-cv-50419 (N.D. Ill.). The parties recently

met and conferred in that action regarding sealing and redaction of confidential information, and the court granted a motion to seal Respondents' originally filed complaint and its exhibits and file redacted versions on the public docket. *Id.*, ECF Nos. 17, 28.

Here, LGES requests permission to redact and file under seal the documents appended to the Declaration of Ryan Rakower—which comprise Respondents' originally filed complaint and its exhibits—consistent with the parties' redactions and sealing of the same materials in the U.S. District Court for the Northern District of Illinois action, as well as certain limited portions of LGES's memorandum of law in support of its Petition that reference these documents or otherwise include sensitive or proprietary information (collectively, the **Requested Redactions**).

LGES's request comports with Second Circuit case law, which applies the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"[1]; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id.* at 119–20. This Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access" to documents filed on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

*First*, LGES's request is consistent with the Second Circuit's recognition that the right of public access to judicial documents is not absolute, and that the "court must balance competing considerations" and seal documents or information where "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *See Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). The proposed redactions are "narrowly tailored" because they only redact out the confidential terms and information that should be protected from disclosure. *See Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 25, 2021) ("[H]aving reviewed the proposed redactions, the Court finds that the requests are narrowly tailored to protect competitive business information, including the non-public terms of patent licensing agreements, commercial development agreements, and the subsequent amendments."); *Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *4 (S.D.N.Y. May 5, 2020) ("News's proposed redactions are narrowly tailored to protect specific financial metrics, contract terms, and the alike."). And if this Court grants the request, the public will still have ample information available to it to understand this dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication").

*Second*, the public interest in the details that LGES seeks to seal is limited compared to the private parties' interest. *See News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("[D]isclosure of . . . competitively sensitive financial information

---

[1] The documents that LGES seek to seal or redact are judicial documents because they are either pleadings or evidence filed in support of pleadings. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 616 (2d Cir. 2009) ("We have described judicial documents as those that are relevant to the performance of the judicial function.") (cleaned up).

*provides no specific benefit to the public*, including competitors. The competitive disadvantages . . . if such information were disclosed outweighs the general public interest in disclosure." (emphasis added)). Where, as here, there is "limited public, as distinguished from private, interest" in the proceedings, the presumption in favor of public access is weak. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (unpublished).

*Finally*, LGES has a strong countervailing interest in maintaining the confidentiality of its agreements, terms, and competitively sensitive business information. As explained above, the documents at issue reference, describe, and cite from the parties' agreements, including confidential terms and information contained therein that should not be made publicly available pursuant to the agreements' confidentiality provisions.

The foregoing is sufficiently weighty to overcome the presumption of public access, especially where, as here, the party seeking permission to seal has narrowly tailored its request. *See Regeneron*, 2021 WL 243943 (noting that the "sensitivity of" competitive business information and commercial development agreements, among other documents, outweighed presumption of access); *Graczyk v. Verizon Comm'ns, Inc.*, 2020 WL 1435031, at *9 (S.D.N.Y. Mar. 24, 2020) (sealing "sensitive information that, if disclosed, might harm [the party requesting seal's] competitive standing" (internal marks omitted)); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (permitting redactions of confidential business information for a privately held business, which "implicates legitimate privacy interests"); *News Corp. v. CB Neptune Holdings, LLC*, 2021 WL 3409663, at *2 (S.D.N.Y. Aug. 4, 2021) ("Courts in this District also routinely seal documents to prevent the disclosure of confidential business information.").

For these reasons, LGES respectfully requests that the Court permit the Requested Redactions identified above.

Respectfully submitted,

*/s/ Ryan Rakower*

Ryan Rakower

The Court finds that: the documents subject to the instant sealing request qualify as judicial documents, as they are either pleadings or evidence supporting those pleadings; (2) the public interest in the details of the sensitive business information contained in those documents is limited; and (3) Petitioner's countervailing interest in maintaining the confidentiality of this information outweighs the right of public access to these documents. *See Lugosch v. Pyramid Co. of Onondoga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The Court thus grants Petitioner's sealing request, and orders that the identified documents appended to the Declaration of Ryan Rakower be filed under seal in unredacted form, with the publicly version of these documents containing the proposed redactions. The Clerk of Court is respectfully directed to close Docket Number 6.

SO ORDERED.
February 26, 2024
New York, New York

_____
JOHN P. CRONAN
United States District Judge